UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CEDRIC JACKSON,

               Petitioner,

    v.

UNITED STATES OF AMERICA,

               Respondent.

C16-956 TSZ
(related to CR12-330 TSZ)

ORDER

THIS MATTER comes before the Court on a motion brought under 28 U.S.C. § 2255, docket no. 1, on behalf of Cedric Jackson, who is currently incarcerated at a federal correctional institution in Yazoo City, Mississippi.  Having reviewed all papers filed in support of, and in opposition to, the § 2255 motion, as well as the record in the related criminal proceeding, the Court enters the following order.

**<u>Background</u>**

By Superseding Indictment filed November 28, 2012 (CR12-330, docket no. 21), Jackson was charged with conspiracy to distribute cocaine and cocaine base (Count 1), distribution of cocaine base (Count 7), possession of cocaine with intent to distribute (Count 8), possession of cocaine base with intent to distribute (Count 9), being a felon in possession of a firearm in violation of the Armed Career Criminal Act ("ACCA") (Count 10), and possession of a firearm in furtherance of a drug trafficking crime (Count 11).  Jackson pleaded guilty to Counts 9 and 11, and the Government dismissed Counts 1, 7, 8, and 10.  *See* Plea Agr. (CR12-330, docket no. 40); Minutes (CR12-330,

docket no. 56).  At the time Jackson was sentenced, the United States Sentencing

Guidelines ("USSG") provided that, if a defendant who was deemed a "career offender"

was convicted of possessing a firearm in furtherance of a drug trafficking crime, *see*

18 U.S.C. § 924(c), as well as one or more other crimes, the guideline range would be

the greater of (i) the applicable guideline range for the other crime(s) added to the

mandatory minimum penalty set forth in § 924(c), or (ii) the guideline range specified in

USSG § 4B1.1(c)(3).  *See* USSG § 4B1.1(c)(2).  For Jackson, the higher of the two

possible ranges was the one set forth in USSG § 4B1.1(c)(3), which was, after a three-

level reduction for acceptance of responsibility, 262-to-327 months.

Pursuant to the terms of their plea agreement, both the Government and Jackson

recommended a sentence of 168 months in custody.  *See* Plea Agr. at ¶ 9 (CR12-330,

docket no. 40).  The Court accepted the parties' agreement, reasoning as follows:

> Well, Mr. Jackson, I'm disappointed that you're back here.  We've seen
> you on several occasions, and it's very troubling. . . .  I know that both
> sides have come in and suggested a 14-year sentence, which, obviously, is a
> long period of time, but there's lots of justification for giving you a lot
> more time.  But I'm going to go along with the agreement you and your
> lawyer and the government have made in this case, and I'm going to
> sentence you, as to Count 9, to 108 months, and [as] to Count 11, I think it
> is, [to] 60 months to run consecutive[ly].

Tr. 27:17-19, 28:18-25 (July 25, 2013) (CR12-330, docket no. 58).  In the pending

§ 2255 motion, Jackson's counsel argues that, under the reasoning of *Johnson v. United*

*States*, 135 S. Ct. 2551 (2015), Jackson no longer qualifies as a "career offender," that the

applicable guideline range is now 190-to-222 months,[1] and that Jackson should therefore

---

[1] Without the "career offender" classification, Jackson's base offense level for Count 9 would be 30,
taking into account the 2014 retroactive amendment to the Drug Quantity Table, resulting in a total

1  be resentenced.  In response, the Government makes several arguments, including an

2  assertion that _Johnson_ does not apply retroactively with respect to the USSG definitions

3  of "career offender" and "crime of violence" and, as a consequence, the collateral attack

4  on Jackson's sentence is barred by the one-year limitation period set forth in 28 U.S.C.

5  § 2255(f).  The question of _Johnson_'s retroactivity in the context of the Sentencing

6  Guidelines is currently pending before the United States Supreme Court in _Beckles v._

7  _United States_, No. 15-8544 (argued Nov. 28, 2016).  For purposes of this case, however,

8  the Court need not decide the _Beckles_ issue because Jackson cannot otherwise make the

9  requisite showing that his sentence "was imposed in violation of the Constitution or laws

10 of the United States," that the Court "was without jurisdiction to impose such sentence,"

11 that the sentence "was in excess of the maximum authorized by law," or that the sentence

12 "is otherwise subject to collateral attack."  _See_ 28 U.S.C. § 2255(a).

13 **Discussion**

14       This Court first encountered Cedric Jackson in 2002, when he was charged with,

15 and pleaded guilty to, bank fraud, for which he was sentenced to 30 months in the

16 custody of the United States Bureau of Prisons ("BOP").  _See_ Superseding Info., Plea

17 Agr., and Judgment (CR02-261, docket nos. 26, 29, & 52).  At the time, Jackson already

18 had five felony and five misdemeanor convictions in state and municipal courts.  Jackson

19 was released from BOP custody on September 3, 2004, and commenced a five-year term

20

___

21 offense level of 27, after subtracting three points for acceptance of responsibility.  USSG § 2D1.1(c)(4)
   (2012); USSG Supp. to App'x C, amend. 782.  With a criminal history category of VI, Jackson's range
22 for Count 9, absent the "career offender" designation, would be 130-to-162 months, followed by a
   consecutive, five-year mandatory minimum sentence for Count 11, yielding the guideline range of
23 190-to-222 months that Jackson proposes in his § 2255 motion.

ORDER - 3

1   of supervised release.  On October 21, 2005, Jackson admitted four violations of the

2   terms of his supervised release, and the Court imposed a term of time served, along with

3   a condition of supervised release that he reside in a community corrections center for a

4   period of four months.  Judgment (CR02-261, docket no. 68).  Only five days later, on

5   October 26, 2005, Jackson's probation officer sought a warrant, indicating that Jackson

6   had violated two conditions of his supervised release, including the community

7   corrections center requirement.  *See* Petition for Warrant (CR02-261, docket no. 69).

8          Jackson was subsequently charged with, and pleaded guilty to, making a false

9   statement to his probation officer.  *See* Superseding Info. and Plea Agr. (CR06-55,

10  docket nos. 21 & 24).  Jackson admitted that, while on supervised release for his bank

11  fraud conviction and during the time he was placed at a community corrections center, he

12  falsely reported to his probation officer that he was employed by "Janitorial Solutions,"

13  which was a fictitious entity that he had created to mislead his probation officer and the

14  Court.  *See* Plea Agr. at ¶ 8 (CR06-55, docket no. 24).  On July 6, 2006, the Court

15  imposed a term of 12 months in BOP custody, followed by supervised release for three

16  years.  Judgment (CR06-55, docket no. 31).[2]

17         Meanwhile, Jackson was also facing charges in King County Superior Court for

18  violation of the Uniform Firearms Act ("VUFA") in the first degree and attempting to

19  elude a pursuing police vehicle.  In May 2007, Jackson was found guilty by a jury,

20  and he was sentenced on June 22, 2007, to 89 months.  After serving both the state and

21

22  [2] Jackson contemporaneously admitted violating two conditions of his supervised release on the bank
    fraud matter, and the Court imposed six months imprisonment, to be served concurrently with the 12-
    month term for the false statement conviction, and terminated supervised release in CR02-261.  Judgment
23  (CR02-261, docket no. 91).

ORDER - 4

1   federal sentences, Jackson was released from custody on March 29, 2012, and began his

2   three-year period of supervised release.  In October 2012, Jackson committed the

3   offenses for which he is currently incarcerated.

4           At the time Jackson was sentenced, the Court believed that incarceration for

5   168 months was an appropriate and just sentence, taking into account the nature and

6   circumstances of Jackson's criminal conduct (which had also implicated his younger

7   brother), his criminal history (including his supervised release status at the time of the

8   offenses at issue), and his recidivist behavior, which raised concerns about public safety,

9   adequate deterrence, and correctional treatment.  *See* 18 U.S.C. § 3553(a).  Even were

10  Jackson to persuade the Court that the low end of the guideline range should be

11  recalculated as 190 months, which still exceeds the sentence imposed, the Court would

12  not alter the term of confinement.  The guideline range was and is only one factor in the

13  Court's analysis, and the Court remains convinced that, for Jackson, 168 months of

14  imprisonment is "sufficient, but not greater than necessary" to serve the purposes set

15  forth in § 3553(a)(2).

16          In response to Jackson's § 2255 motion, the Government points out that, pursuant

17  to the terms of the Plea Agreement, in any resentencing, Jackson would still be bound to

18  recommend a sentence of 168 months.  *See* Plea Agr. at ¶ 9 (CR12-330, docket no. 40).

19  Jackson contends he should be excused from the conditions of the plea bargain because,

20  when he made the agreement with the prosecution, he believed that, if he went to trial, he

21  would be subject to a 15-year mandatory minimum sentence under the ACCA, the

22  applicability of which is now doubtful in light of *Johnson*.  Jackson's argument, however,

23

ORDER - 5

1  does not ring true because, in the absence of the Government's agreement to dismiss

2  Count 1, he would still have faced a 15-year mandatory minimum sentence if convicted

3  at trial, even without the ACCA enhancement.  _See_ 21 U.S.C. §§ 841(b)(1)(A)(iii) & 846

4  (conspiracy to distribute 280 or more grams of cocaine base carries a ten-year mandatory

5  minimum, which would have run consecutively to the five-year mandatory minimum for

6  Count 11, to which Jackson pleaded guilty).  Jackson has offered no basis under which he

7  could renege on the portion of the plea deal that requires him to recommend a sentence of

8  168 months while holding the Government to its agreement to forego prosecution on

9  Counts 1, 7, 8, and 10.  Thus, the Court agrees with the Government that any error in

10  calculating the applicable sentencing guideline range in this matter was harmless beyond

11  a reasonable doubt.  _See_ _Williams v. United States_, 2016 WL 5920083 at *4 (W.D. Wash.

12  Oct. 11, 2016) (holding that any reliance on the residual clause of USSG § 4B1.2(a)(2)

13  was harmless because, even if the "career offender" provision did not apply, the same

14  sentence would have been imposed).

15  **Conclusion**

16       For the foregoing reasons, Jackson's § 2255 motion, docket no. 1, is DENIED.  A

17  certificate of appealability, however, is GRANTED.  The Clerk is DIRECTED to send a

18  copy of this Order to all counsel of record and to CLOSE this case.

19       IT IS SO ORDERED.

20       Dated this 1st day of March, 2017.

21

22                                          Thomas S. Zilly
                                            United States District Judge
23

ORDER - 6